QUINN EMANUEL URQUHART & SULLIVAN, LLP
  Morgan W. Tovey (Bar No. 136242)
  morgantovey@quinnemanuel.com
  Arthur M. Roberts (Bar No. 275272)
  arthurroberts@quinnemanuel.com
50 California Street, 22nd Floor
San Francisco, California 94111-4788
Telephone:  (415) 875-6600
Facsimile:   (415) 875-6700

Attorneys for Plaintiff Anthony & Sylvan
Pools Corporation

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| Anthony & Sylvan Pools Corporation (successor to General Aquatics, Inc. and KDI Sylvan Pools, Inc.),<br><br>Plaintiff,<br><br>vs.<br><br>Outdoor Sports Gear, Inc. (successor to K2 Inc. and Anthony Industries Inc.),<br><br>Defendant. | Case No. _____<br><br>**COMPLAINT FOR (1) BREACH OF CONTRACT; (2) EQUITABLE INDEMNIFICATION; (3) DECLARATORY JUDGMENT**<br><br>**JURY TRIAL DEMANDED**<br><br>Trial Date:        None Set |

Plaintiff Anthony & Sylvan Pools Corporation, an Ohio Corporation, alleges the following against Defendant Outdoor Sports Gear, Inc., a Delaware Corporation:

## I.
## NATURE OF THE CASE

1.      This is an action for breach of contract, equitable indemnification, and declaratory relief arising out of an Asset Purchase Agreement and certain third-party liability claims for which the Seller (Defendant's predecessor) owes the Buyer (Plaintiff's predecessors) indemnities.

2.     In 1996, General Aquatics, Inc. and its wholly-owned subsidiary, KDI Sylvan Pools, Inc. ("Buyer"), predecessors-in-interest to Plaintiff Anthony & Sylvan Pools Corporation (collectively "Buyer/Plaintiff A&S"), acquired the assets of the Anthony Pools Division from Anthony Industries ("Seller"), predecessor-in-interest to K2 Inc. and Defendant Outdoor Sports Gear, Inc. (collectively "Seller/Defendant Outdoor Sports").  The Anthony Pools Division was a business engaged in constructing and remodeling residential swimming pools, distributing swimming pool covers and servicing swimming pools, swimming pool equipment and swimming pool covers.  Under the 1996 Asset Purchase Agreement ("1996 APA"), the Seller/Defendant Outdoor Sports retained certain liabilities and agreed to indemnify the Buyer/Plaintiff A&S in connection with any third party claims relating to such retained liabilities.

3.     In 2010, Heather Nash and Rod Nash sued Buyer/Plaintiff A&S and other entities in the Superior Court of the State of California, Los Angeles County, Case No. BC450726 ("*Nash*").  Ms. Nash alleged that she developed mesothelioma due to exposure to asbestos in 1972 -- decades before the 1996 APA -- during the installation of an Anthony Pools Division residential swimming pool in Yorba Linda, CA.  K2, Inc., another predecessor of Defendant Outdoor Sports, was also named as a defendant.  Because the Nash claim was a retained liability, Seller/Defendant Outdoor Sports owes Buyer/Plaintiff A&S an indemnity, including its attorneys' fees and expenses expended in defending the action and the amount Buyer/Plaintiff A&S contributed to resolve the matter informally.  In breach of the 1996 APA, Seller/Defendant Outdoor Sports declined the tender.  As a result of this breach of the 1996 APA, Buyer/Plaintiff A&S incurred monetary damages relating to the legal expense of defending and resolving a liability belonging to Seller/Defendant Outdoor Sports.

4.     In February 2014, David Baeza and Vana Baeza filed a personal injury lawsuit against Buyer/Plaintiff A&S and other entities in the Superior Court of the

Case No. ___
COMPLAINT

State of California, Los Angeles County, Case No. BC537791 ("*Baeza*").

Seller/Defendant Outdoor Sports was not named as a defendant in *Baeza*.  Mr.

Baeza alleged he developed mesothelioma due to his exposure, during the 1960s and

early 1970s, to asbestos-containing products -- decades before the 1996 APA --

including in connection with the installation of an Anthony Pools Division

swimming pool at his residence in Wilmington, CA in the 1970s.  He alleged that

Anthony Pools supplied cement, gunite, stucco, and texture, and also worked as a

contractor, for the installation of the pool.  Buyer/Plaintiff A&S was eventually

dismissed by the Baeza plaintiffs without monetary payment.  Nonetheless, because

the Baeza claim was a retained liability, Seller/Defendant Outdoor Sports owes

Buyer/Plaintiff A&S an indemnity, including reimbursement of its attorneys' fees

and expenses incurred in defending the action.

5.     Accordingly, Buyer/Plaintiff A&S seeks a judicial declaration that,

under the terms of the 1996 APA, Seller/Defendant Outdoor Sports is obligated to

indemnify and reimburse Buyer/Plaintiff A&S for amounts Buyer/Plaintiff A&S has

incurred in connection with the *Nash* and *Baeza* lawsuits.  Buyer/Plaintiff A&S also

seeks compensatory damages for Seller/Defendant Outdoor Sports' breach of its

express contractual and equitable duties to indemnify Buyer/Plaintiff A&S.

## II.
## JURISDICTION AND PARTIES

6.     This Court has jurisdiction under 28 U.S.C. § 1332(a).  Plaintiff A&S

and Defendant Outdoor Sports are citizens of different states and the amount in

controversy exceeds $75,000, exclusive of interest and costs.

7.     Venue is proper in this District because a substantial part of the events

or omissions giving rise to the claim occurred in this District and because the 1996

APA is governed by California law.

8.     Plaintiff A&S is an Ohio corporation with its principal place of

business in Doylestown, PA.

Case No. ___
COMPLAINT

9.      Defendant Outdoor Sports Gear, Inc. is a Delaware corporation with its principal place of business in Rye, New York.  Defendant is registered to do business, and has a designated agent for the service of process, in the State of California.  Defendant Outdoor Sports is a successor-in-interest to, and assumed the liabilities of, K2 Inc.  (On or about November 2010, K2 Inc. changed its corporate name to Outdoor Sports Gear, Inc.).  K2 Inc. is a successor-in-interest to, and assumed the liabilities of, Anthony Industries Inc.  (On or about May 1996, Anthony Industries Inc. changed its corporate name to K2 Inc.).

**III.**
**FACTUAL ALLEGATIONS**

**A.      The 1996 Asset Purchase Agreement**

10.      General Aquatics, Inc. and its wholly owned subsidiary, KDI Sylvan Pools, Inc. ("Buyer" and predecessors to Buyer/Plaintiff A&S) and Anthony Industries, Inc. ("Seller" and predecessor to Seller/Defendant Outdoor Sports) entered into an Asset Purchase Agreement on February 16, 1996.  The 1996 APA is attached as Exhibit A to this Complaint.

11.      The 1996 APA transferred from Seller to Buyer certain assets and liabilities associated with Seller's Anthony Pools Division, which constructed and remodeled residential swimming pools; distributed swimming pool equipment; manufactured, installed, and distributed pool covers; and serviced pools, pool equipment, and pool covers, among other things.

12.      The 1996 APA contains provisions addressing which liabilities Seller retained and which liabilities Buyer assumed.  Buyer did not assume any liability for personal injuries "resulting from the use of or in connection with swimming pools or products constructed, manufactured, sold or leased by the Seller prior to the Closing Time, if such . . . personal injury . . . occurs prior to the Closing Time."  1996 APA § 2.03(c)(iii).  These liabilities are defined as "Excluded Liabilities."  *Id.* §§ 1.26 and 2.03(c).

Case No. ___
COMPLAINT

13.     The Buyer, however, did assume liability for injuries occurring after the Closing Time.  1996 APA § 2.03(b)(iii).  The liabilities that the Buyer assumed are defined as "Assumed Liabilities."  *Id.* §§ 1.04 and 2.03(b).  The third-party liability claims asserted in *Nash* and *Baeza* are not Assumed Liabilities.

14.     Subject to certain exceptions not relevant here, the Closing Time was defined as February 29, 1996.  *Id.* §§ 1.11 and 2.01.

15.     The 1996 APA also has provisions requiring the Seller to indemnify the Buyer under specified circumstances.  The Seller "shall indemnify and hold harmless" the Buyer against all Damages arising from, among other things, "the failure of the Seller to perform any agreement or covenant required by this Agreement to be performed by it" and "any failure of the Seller to pay, perform or discharge any of the Excluded Liabilities in accordance with the terms thereof . . . ."  1996 APA § 12.01.  Damages are defined to include "loss, damages . . ., liability, claims, cost and expense, including reasonable attorney's, accountant's, consultant's and engineer's fees (collectively, 'Damages') . . . ."  *Id.* § 12.01.  The Buyer was also required to indemnify the Seller under specified circumstances not relevant here.  *Id.* § 12.02.  Failure to provide notification does not relieve the indemnifying party of liability.  *Id.* § 12.04.

16.     The 1996 APA selects California law as the governing law.  1996 APA § 13.05.  It also required the parties to send contractual notices to Buyer in Moorpark, California and to Seller in Los Angeles, California.  The 1996 APA identifies Los Angeles as the location where the 1996 APA was closed, and the agreement was also negotiated primarily in Los Angeles, California.  Many of the assets that were transferred in the 1996 APA were located in California.

**B.     The *Nash* Lawsuit**

17.     In 2010, Heather Nash and Rod Nash sued Buyer/Plaintiff A&S and other entities in the Superior Court of the State of California, Los Angeles County, Case No. BC450726 ("*Nash*").  Ms. Nash alleged that she developed mesothelioma

-5-

due to exposure to asbestos in 1972 -- decades before the 1996 APA -- during the installation of an "Anthony Pools Division" residential swimming pool in Yorba Linda, CA.  K2 Inc., Seller/Defendant Outdoor Sports' predecessor, was also named as a defendant.

18.    Ms. Nash did not allege exposure to asbestos from any Anthony Pools-related product or service after Closing Time of the 1996 APA.

19.    Pursuant to the 1996 APA, Buyer/Plaintiff A&S tendered *Nash* to Seller/Defendant Outdoor Sports' predecessor, K2 Inc. ("K2"), and requested indemnification.  K2 declined the tender.

20.    Buyer/Plaintiff A&S incurred fees, costs, settlements, and other expenses in defending and resolving the *Nash* lawsuit in excess of the amount in controversy requirement for federal diversity jurisdiction and subject to proof.

21.    In January 2013, Mr. and Ms. Nash executed a confidential settlement of their claims with Buyer/Plaintiff A&S and K2.

22.    Buyer/Plaintiff A&S and K2 entered into a tolling agreement regarding their potential claims against one another, including the claims Buyer/Plaintiff A&S now asserts against Seller/Defendant Outdoor Sports, in November 2011.  The tolling agreement is attached as Exhibit B to this Complaint.

**C.    The *Baeza* Lawsuit**

23.    In February 2014, David Baeza and Vana Baeza filed a personal injury lawsuit against Buyer/Plaintiff A&S and other entities in the Superior Court of the State of California, Los Angeles County, Case No. BC537791 ("*Baeza*"). Seller/Defendant Outdoor Sports was not named as a defendant in *Baeza*.  Mr. Baeza alleged he developed mesothelioma due to his exposure to asbestos-containing products decades before Closing Time of the 1996 APA, during the 1960s and early 1970s, including in connection with the installation of an Anthony Pools Division swimming pool at his family home in Wilmington, CA in the 1970s.

1    He alleged that Anthony Pools supplied cement, gunite, stucco, and texture, and also

2    worked as a contractor, for the installation of the pool.

3         24.    Mr. and Ms. Baeza did not allege exposure to asbestos from any

4    alleged Anthony Pools-related product or service during or after 1996.

5         25.    The plaintiffs in *Baeza* voluntarily dismissed their claims against

6    Buyer/Plaintiff A&S prior to trial.

7         26.    Nonetheless, Buyer/Plaintiff A&S incurred attorneys' fees and expenses

8    in excess of the amount in controversy requirement for federal diversity jurisdiction,

9    subject to proof, in defending *Baeza.*

10   **D.    Accrual of Asbestos-Related Third-Party Liability Claims**

11        27.    Exposure to respirable asbestos is the primary cause of  mesothelioma

12   in the United States.

13        28.     Under California law, an asbestos-related personal injury arises at the

14   time of first exposure to respirable asbestos, rather than when the latent disease is

15   first diagnosed, because asbestos fibers immediately begin causing physiological

16   changes and injury to the body.

17        29.    Once Ms. Nash and Mr. Baeza allegedly inhaled asbestos fibers, they

18   sustained asbestos-related, personal injuries.  Because Ms. Nash alleged exposure to

19   asbestos from an Anthony Pools Division swimming pool in 1972 and Mr. Baeza

20   alleged exposure to asbestos from an Anthony Pools Division swimming pool in the

21   1960s, both personal injuries occurred decades before Closing Time of the 1996

22   APA.   Under the 1996 APA, both third-party liability claims were Excluded

23   Liabilities for which Seller/Defendant Outdoor Sports is legally responsible.

24                          **<u>FIRST CAUSE OF ACTION</u>**

25        **<u>FOR BREACH OF CONTRACT (EXPRESS INDEMNIFICATION)</u>**

26        30.    Buyer/Plaintiff A&S incorporates by reference and realleges as though

27   fully set forth herein, each and every allegation set forth in the preceding paragraphs

28   of this Complaint.

Case No. ___
COMPLAINT

31.     Buyer (Plaintiff's predecessor) and Seller (Defendant's predecessor) entered into the 1996 APA, a valid and enforceable written contract.

32.     Under the 1996 APA, Seller expressly agreed to indemnify Buyer for "any and all loss, damage . . . liability, claims, cost and expense, including reasonable attorney's, accountant's, consultant's and engineer's fees" incurred by Buyer in connection with the Seller's failure "to pay, perform, or discharge any of the Excluded Liabilities in accordance with the terms thereof . . . ."  1996 APA § 12.01.  "Excluded Liabilities" include liabilities for wrongful death or personal injury "resulting from the use of or in connection with swimming pools or products constructed, manufactured, sold, or leased" by Seller prior to the Closing Time "if such . . . personal injury . . . occurs prior to the Closing Time." *Id.* § 2.03(c)(iii).

33.     Buyer fully performed all of its obligations under the 1996 APA, and Buyer/Plaintiff A&S has satisfied any and all applicable conditions precedent.

34.     Buyer/Plaintiff A&S demanded that Seller/Defendant Outdoor Sports honor its contractual obligations under the 1996 APA to indemnify Buyer/Plaintiff A&S for losses arising from *Nash*.  Seller/Defendant Outdoor Sports has breached its contractual obligations under the 1996 APA by refusing to indemnify Buyer/Plaintiff A&S for its attorneys' fees and expenses incurred in defending and settling *Nash*.

35.     As a result of Seller/Defendant Outdoor Sports' breach, Buyer/Plaintiff A&S has incurred substantial monetary losses in amounts paid to defend and settle the claims in *Nash*, including attorneys' fees and expenses, and to defend the claims in *Baeza*, including attorneys' fees and expenses.

## SECOND CAUSE OF ACTION
## FOR EQUITABLE INDEMNIFICATION

36.     Buyer/Plaintiff A&S incorporates by reference and realleges as though fully set forth herein, each and every allegation set forth in the preceding paragraphs of this Complaint.

Case No. ___
COMPLAINT

37.     The asbestos-related, personal injury claims alleged in *Nash* are the result of and caused by Seller/Defendant Outdoor Sports' products and services that were sold, manufactured or leased prior to Closing Time of the 1996 APA, and not the result of misconduct on the part of Buyer/Plaintiff A&S.

38.     Buyer/Plaintiff A&S' cost for defending and settling *Nash* should be borne by Seller/Defendant Outdoor Sports in accordance with applicable legal and equitable principles.

39.     Despite having no responsibility for the production, manufacture, sale, lease, or provision of Seller's Anthony Pools Division's products and services, nor for injuries arising prior to Closing Time of the 1996 APA from any such activities, Buyer/Plaintiff A&S, without admitting liability, contributed monies toward the settlement of Nash plaintiffs' claims relating to Seller's Anthony Pools Division's products and services.  Because the liability, if any, for such products and services belonged to Seller/Defendant Outdoor Sports, it was inequitable for Buyer/Plaintiff A&S to pay any portion of that settlement.

40.     Buyer/Plaintiff A&S is entitled, under the principles of equitable indemnity, to receive a fair reimbursement from Seller/Defendant Outdoor Sports for the monies Buyer/Plaintiff A&S contributed towards the settlement of the third-party liability claim arising out of alleged exposure to asbestos from Seller's Anthony Pools Division's products and services prior to Closing Time of the 1996 APA.

## THIRD CAUSE OF ACTION
## FOR DECLARATORY JUDGMENT

41.     Buyer/Plaintiff A&S incorporates by reference and realleges as though fully set forth herein, each and every allegation set forth in the preceding paragraphs of this Complaint.

42.     An actual controversy has arisen and now exists between Buyer/Plaintiff A&S and Seller/Defendant Outdoor Sports.  Seller/Defendant

Case No. ___
COMPLAINT

1  Outdoor Sports is obligated to reimburse Buyer/Plaintiff A&S for amounts

2  Buyer/Plaintiff A&S has incurred arising from the third-party liability claims

3  asserted in *Nash* and *Baeza*.

4        43.      Buyer/Plaintiff A&S desires a judicial determination of the respective

5  rights and duties of Buyer/Plaintiff A&S and Seller/Defendant Outdoor Sports with

6  respect to the application of the Assumed Liabilities and Excluded Liabilities and

7  indemnification clauses in the 1996 APA, Sections 2.03, 12.01 and 12.02, to *Nash*

8  and *Baeza*.  In particular, Buyer/Plaintiff A&S desires a declaration that, under the

9  terms of the 1996 APA, the *Nash* and *Baeza* claims are Excluded Liabilities that

10  belong to Seller/Defendant Outdoor Sports and, as such, Seller/Defendant Outdoor

11  Sports is obligated to indemnify and reimburse Buyer/Plaintiff A&S for amounts

12  Buyer/Plaintiff A&S has incurred in connection with *Nash* and *Baeza*.

13  **<u>PRAYER FOR RELIEF</u>**

14        WHEREFORE, Buyer/Plaintiff A&S requests:

15        A.      A declaratory judgment that Seller/Defendant Outdoor Sports has

16  violated its indemnification obligations under the 1996 APA for failing to indemnify

17  Buyer/Plaintiff A&S against losses related to *Nash* and *Baeza*;

18        B.      A declaratory judgment that Seller/Defendant Outdoor Sports must

19  equitably indemnify Buyer/Plaintiff A&S for Buyer/Plaintiff A&S' losses described

20  herein;

21        C.      An award to Buyer/Plaintiff A&S of all damages resulting from

22  Seller/Defendant Outdoor Sports' breach of its contractual indemnification

23  obligations;

24        D.      An award to Buyer/Plaintiff A&S of all damages resulting from

25  Seller/Defendant Outdoor Sports' breach of its equitable indemnification

26  obligations;

27        E.      An award to Buyer/Plaintiff A&S of reasonable attorneys' fees and

28  costs;

Case No. ___
COMPLAINT

F.      An award to Buyer/Plaintiff A&S of pre- and post-judgment interest; and

G.      An award to Buyer/Plaintiff A&S of such other and further relief as this Court may deem just and appropriate.

## DEMAND FOR JURY TRIAL

Buyer/Plaintiff A&S hereby requests a jury trial on all issues raised in this Complaint and appropriately tried to a jury.

DATED:  September 2, 2016                    QUINN EMANUEL URQUHART & SULLIVAN, LLP


By _____/s/ Morgan W. Tovey_____
   Morgan W. Tovey
   Attorneys for Plaintiff Anthony & Sylvan
   Pools Corporation

Case No. ___
COMPLAINT